Judge Owsley
delivered the opinion of the court.
, This ejectment was brought to recover the possessioff of a tract of land, to which the appellees, who were plaintiffs in the court below, held the elder patent.
The appellant, (the defendant in that court,) claimed the *27 land under an adverse title, and upon the trial relied upon an adverse possession for twenty years before the commencement of the action, as a bar to the appellees right of entry: but the court being of opinion, upon the case agreed, that the appellees possession twenty years before the commencement of the suit, was circumscribed by his actual close, Rendered judgment against him for the residue of the tract claimed by the appellees; but for so much as was actually enclosed,, gave judgment for the appellant.
SOyesrspoa-⅛ "¡Tva unsurveyed * entry,affords extent of the close.
From the case agreed, there can be no question but that the appellee’s right of entry is barred for so much of the land in contest as was possessedby the appellant and those through whom he holds, twenty years before the commence-gient of this action.
Before that time the patent under which the appellees claim, had emanated, and whatever doubts may exist as to the competency of the evidence by which the appellant attempted to deduce the title under vyhicH the possession held by him was first acquired, it is perfectly clear, the possession was taken under color or claim, of title, and as such, in legal contemplation, was an ouster of the possession as to those under whom the appellees claim; and as the possession so acquired is admitted to have been continued down to the present time, adversely, it follows clearly, that for go much as was then possessed, the appellees have no right, of entry, and consequently cannot recover in this form of action.
In deciding the present contest, therefore, we are pie-sented with the enquiry, how far the possession which the appellant now holds, extended twenty years before the commencement of this action?
In responding to this enquiry, we perfectly accord with the court below, in confining fhe possession at that date to the actual close,
This we are induced to do, because from tire fircts agreed, the appellant’s survey appears not to have been then made, nor had the possession at that time any definite boundary beyond the actual close.
The entry under which tire appellant claims, it is true, had been previously made; but if, in any case, the constructive boundary of an entry can give limits to a possession, (and whether it can or not, we would not be understood as now deciding,) we have no doubt the entry of the impel!ant cannot have such an operation.
Á deposition. takenun-der the aclto ascertain the bou. .daries oí land, cannot be used &- gainst a person known io the party taking it, 'and living1 in the county where the land lies, unless he h*d notice.
Hughes appellees. for appellant, Pope, F/icktijj'e and Hardin fo$
For by the case agreed, the question of the competency of the evidence by which the identity of the object called for in the entry is attempted to be proven, is reserved for the decision of this court, and upon reviewing the question so reserved, w7e have no hesitation in excluding the evidence.
The evidence which we thus suppose to be incompetent, is that of a witness proving what ivas contained in the deposition of a certain Benoni Swearingen, taken by commissioners under an act of assembly, entitled an act to ascertain the boundaries of and processioning land,a but which, by the destruction of the Fayette office by fire, has also been destroyed; but, as the owner of the appellees’ claim was, at the time of taking the deposition, known to the owner of the appellant’s entry, and then resided in the county where the land lies, notice of the time and place of taking the deposition should have been served upon the then owner, to make the deposition evidence against those claiming through him; but as no such notice appears to have been given, it follows inevitably, that parol evidence of the contents of the deposition, was inadmissible.
The entry therefore, under which the appellant claims, as it is not by any thing in the cause identified with the land in contest, it cannot, upon any possible principle, give, limits to the appellant’s possession.
⅜¾¾ judgment must be affirmed, with cost.

 1 Litt. 554.